**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIANGLE PETROLEUM CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-_____  (___) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO
SECTIONS 105(a), 363, 507(a)(8), AND 541 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, AUTHORIZING THE PAYMENT
OF CERTAIN PREPETITION TAXES**

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 363, 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing, but not directing, the Debtor to remit and pay certain prepetition taxes, as the Debtor deems necessary, in its discretion, to the applicable taxing authority; and (ii) authorizing financial institutions to receive, process, honor, and pay all checks, drafts, and other forms of payment, including fund transfers, used by the Debtor relating to the foregoing. In support of this Motion, the Debtor relies on the *Declaration of Ryan D. McGee in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtor respectfully states as follows:

---

[1]  The last four digits of the Debtor's taxpayer identification number are 0762. The Debtor's mailing address is 100 Fillmore Street, 5th Floor, Denver, Colorado 80206.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Plan (as defined below), as applicable.

01:24474298.1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtor consents to entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 363, 507(a)(8), and 541 of the Bankruptcy Code, and Bankruptcy Rule 6004.

**BACKGROUND**

**A.    General Background**

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary case under chapter 11 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtor has also filed the *Chapter 11 Plan of Reorganization of Triangle Petroleum Corporation* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") and corresponding Disclosure Statement, and has requested that the Court conduct a combined hearing to consider approval of the Disclosure Statement and confirmation of the Plan within forty days of the Petition Date. The Plan provides, among other things, that Allowed General Unsecured Claims will remain unimpaired.

5. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this chapter 11 case and no statutory committee has been appointed.

6. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to this chapter 11 case is set forth in the First Day Declaration.

**B.     The Taxes**

7. As a holding company, the Debtor's ordinary course tax obligations are limited to the payment of certain franchise taxes (collectively, the "Taxes") to the Delaware Division of Corporations (the "Taxing Authority"). Based on prior tax assessments, the Debtor anticipates that estimated 2019 Taxes of approximately $25,760 will come due during the course of the chapter 11 case, all or a portion of which may be related to the period preceding the Petition Date and may come due prior to the Plan going effective.

## RELIEF REQUESTED

8. By this Motion, the Debtor requests entry of the Proposed Order, pursuant to sections 105, 507(a)(8), and 541 of the Bankruptcy Code, and Bankruptcy Rule 6004, authorizing, but not directing, the Debtor to pay any prepetition Taxes to the Taxing Authority, in the ordinary course of business, without further order of the Court.

9. In addition, the Debtor requests that the Proposed Order authorize the Debtor's bank and financial institution (the "Bank"), when requested by the Debtor, in its sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers, on account of the Taxes as set forth in the Proposed Order.

**BASIS FOR RELIEF**

A.     **Payment of the Taxes is Warranted Under 105(a) and Section 363(b) of the Bankruptcy Code**

10. The Court may grant the relief requested herein pursuant to sections 105(a) and 363 of the Bankruptcy Code and the "doctrine of necessity."

11. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code). Courts have used their equitable power under section 105(a) of the Bankruptcy Code to authorize the payment of prepetition claims where such payment is deemed necessary to the survival of a debtor. *In re Just for Feet*, 242 B.R. 821, 824 (D. Del. 1999).

12. In addition, federal courts have consistently permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g.*, *Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286, 312 (1882) (permitting payment of pre-receivership claim to prevent "stoppage of [crucial] business relations"); *In re Lehigh & N.E.R. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (providing that if payment of prepetition claim is essential to continued operation of business during restructuring, then payment may be authorized "even if it is made out of corpus"); *In re Just for Feet*, 242 821, 824–25 (D. Del. 1999) (holding that section 105(a) of Bankruptcy Code provides a statutory

basis for payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (confirming that the doctrine of necessity is standard for enabling a court to authorize payment of prepetition claims prior to confirmation of a reorganization plan).

13.     Although the amount of prepetition Taxes that may be due and owing for prepetition periods is limited, it nonetheless remains critical to the Debtor's business that any such Taxes are timely and fully paid and, consequently, the Debtor remains in good standing during its restructuring.  Delayed payment of the Taxes could jeopardize the Debtor's good standing and could cause the Taxing Authority to levy interest, impose penalties or fees on the Debtor, or take other disruptive actions that would unnecessarily burden the Debtor's estate. Prompt and regular payment of the Taxes will avoid any such unnecessary and disruptive actions.  As such, the Debtor submits that payment of any prepetition Taxes is within the Debtor's sound business judgment and is necessary to avoid unnecessary harm and disruption to the Debtor's restructuring process.

**B.     Payment of the Taxes is Also Appropriate Under Section 507(a)(8) of the Bankruptcy Code**

14.     Further, to the extent that any prepetition Taxes constitute priority claims pursuant to section 507(a)(8) of the Bankruptcy Code, their payment should be authorized on the basis that they must be paid in full under any chapter 11 plan before any distribution is made to general unsecured creditors.  *See* 11 U.S.C. § 1129(a)(9)(C).  Further, as noted above, the Plan provides that all Allowed General Unsecured Claims will remain unimpaired.  Other creditors, stakeholders, and other parties in interest, therefore, will not be prejudiced if the Court grants the

relief requested herein. To the extent that any unpaid tax claims are entitled to priority treatment under the Bankruptcy Code, by paying legitimate tax claims now, the Debtor will avoid any unnecessary fees, interest, or penalties that might otherwise accrue. Moreover, section 507(a)(8)(G) of the Bankruptcy Code grants eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss." Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full to avoid the creation of additional priority claims.

15. For the foregoing reasons, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, its creditors, and other parties in interest and, therefore, should be granted.

### AUTHORIZATION FOR THE DEBTOR'S BANK

16. Further, the Debtor requests that the Court authorize the Bank on which checks are drawn or electronic fund transfer requests are made with respect to the Taxes to receive, process, honor, and pay, to the extent of funds on deposit, any and all such checks or electronic transfers, whether such checks or transfers were issued before or after the Petition Date, upon the receipt by each such bank of notice of such authorization without further order of the Court.

17. The Debtor also requests that the Court authorize the Bank to rely on the Debtor's representations as to which checks are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtor's instructions. Given, the necessity of paying the Taxes, the Debtors respectfully submit that this relief is necessary and warranted.

### RESERVATION OF RIGHTS

18. Nothing in this Motion: (i) is intended or shall be deemed to constitute an assumption by the Debtor of any agreement pursuant to section 365 of the Bankruptcy Code or

an admission as to the validity of any claim against the Debtor or its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate, or any other party in interest, to contest the validity, priority, or amount of any claim against the Debtor or its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate, or any other party in interest, with respect to any and all claims or causes of action against any third party; (iv) shall constitute a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (v) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtor.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be, nor should it be construed as, an admission as to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

## WAIVER OF ANY APPLICABLE STAY

19. In addition, by this Motion, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As set forth above, the Debtor requires the relief requested in the Motion to avoid disruption to the Debtor's restructuring efforts and maximize value for the estate.  Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NOTICE

20. Notice of this Motion will be provided to:  (i) the U.S. Trustee; (ii) those creditors holding the thirty (30) largest unsecured claims against the Debtor's estate; (iii) the Office of the

01:24474298.1

7

United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Bank; (vi); counsel to the JPM Parties; (vii) the Taxing Authority; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date hereof.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: May 8, 2019
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

- and-

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Kelley A. Cornish
Alexander Woolverton
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Proposed Counsel to the Debtor and Debtor in Possession*

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIANGLE PETROLEUM CORPORATION,<br><br>Debtor.¹ | Chapter 11<br><br>Case No. 19-_____ (___)<br><br>**Ref. Docket No. _____** |

**ORDER, PURSUANT TO SECTIONS 105(a), 363, 507(a)(8), AND 541 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004,
<u>AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES</u>**

Upon consideration of the motion (the "<u>Motion</u>")² of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), for entry of an order, pursuant to sections 105(a), 363, 507(a)(8), and 541 of the Bankruptcy Code and Bankruptcy Rule 6004, (i) authorizing, but not directing, the Debtor to remit and pay certain prepetition Taxes as the Debtor deems necessary, in its discretion, to the applicable Taxing Authority; and (ii) authorizing the Debtor's financial institution (the "<u>Bank</u>") to receive, process, honor, and pay all checks, drafts, and other forms of payment, including fund transfers, used by the Debtor relating to the foregoing; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the

---

¹ The last four digits of the Debtor's taxpayer identification number are 0762. The Debtor's mailing address is 100 Fillmore Street, 5th Floor, Denver, Colorado 80206.

² Capitalized terms used but not defined in herein shall have the meanings ascribed to such terms in the Motion.

particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that it may enter a final order consistent with Article III of the Constitution; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor is hereby authorized, but not directed, in its sole discretion, to pay all prepetition Taxes owing to the Taxing Authority in the ordinary course of business.

3. Nothing in this Order shall be construed as authorizing the Debtor to pay any amounts on account of past-due taxes.

4. The Bank is hereby authorized, when requested by the Debtor in its sole discretion, to receive, process, honor, and pay all prepetition and postpetition checks, drafts, and other forms of payment, including fund transfers, on account of the Taxes, whether such checks or other requests were submitted prior to, on, or after the Petition Date.

5. The Bank is hereby authorized to accept, honor, and rely upon all representations and directions of the Debtor with respect to whether any disbursements should be honored or dishonored pursuant to this Order, whether or not such disbursements are dated before, on, or after the Petition Date.  The Bank shall not be deemed in violation of this Order or any other order of this Court, or have any liability to any party for honoring any disbursement (i) at the direction of the Debtor; (ii) in the good-faith belief that this Court has authorized such disbursement to be honored; or (iii) as the result of an innocent mistake.  To the extent that the Debtor directs that any disbursement be dishonored or the Bank inadvertently dishonors any

disbursement, the Debtor may issue replacement disbursements consistent with the orders of this Court.

6. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption by the Debtor of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate, or any other party in interest, to contest the validity, priority, or amount of any claim against the Debtor or its estate; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate, or any other party in interest, with respect to any and all claims or causes of action against any third party; (iv) shall constitute a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (v) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtor. Any payment made pursuant to this Order is not intended to be, nor should it be, construed as an admission as to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

7. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May \_\_\_\_\_, 2019
       Wilmington, Delaware

                      United States Bankruptcy Judge