# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIANGLE PETROLEUM CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-11025 (MFW)<br><br>**Ref. Docket Nos. 8, 9, 45 & 47** |

## ORDER (I) APPROVING (A) THE ADEQUACY OF THE DISCLOSURE STATEMENT AND (B) THE SOLICITATION PROCEDURES AND (II) CONFIRMING THE CHAPTER 11 PLAN OF REORGANIZATION OF TRIANGLE PETROLEUM CORPORATION

The above-captioned debtor and debtor in possession (the "Debtor") having:

a. Commenced and concluded, on May 7, 2019, the prepetition solicitation of the vote to accept or reject the *Chapter 11 Plan of Reorganization of Triangle Petroleum Corporation* (as the same may be modified, supplemented and amended from time to time, the "Plan")[2] by distributing to the Claim Holder in Class 2 (Secured Note Claim), the only Claim that is Impaired under the Plan, in accordance with the terms of chapter 11 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules the following:

   i. the Plan;

   ii. the *Disclosure Statement for Chapter 11 Plan of Reorganization of Triangle Petroleum Corporation* (as the same may be modified, supplemented and amended from time to time, the "Disclosure Statement"); and

   iii. a ballot to vote on the Plan and/or opt-out of the releases contained therein (the "Ballot");

b. commenced, on May 8, 2019 (the "Petition Date"), the Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

c. filed, on the Petition Date:

   i. the Plan [Docket No. 8];

---

[1] The last four digits of the Debtor's taxpayer identification number are 0762. The Debtor's mailing address is 100 Fillmore Street, 5th Floor, Denver, Colorado 80206.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

ii. the Disclosure Statement [Docket No. 9];

iii. the *Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Chapter 11 Plan of Reorganization; (II) Approving Procedures for Objecting to Disclosure Statement and Chapter 11 Plan of Reorganization; (III) Approving Prepetition Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing, Non-Voting Status, and Objection Deadlines; (IV) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the United States Trustee not to Convene Section 341(a) Meeting of Creditors and (B) Waiving Requirement of Filing Schedules and Statements and Rule 2015.3 Reports; and (VI) Granting Related Relief* [Docket No. 7] (the "Scheduling Motion"); and

iv. the *Declaration of Joseph Arena on behalf of Epiq Corporate Restructuring, LLC Regarding Service of Solicitation Package and Voting and Tabulation of Ballot Cast on the Chapter 11 Plan of Reorganization of Triangle Petroleum Corporation* [Docket No. 10] (the "Voting Declaration"), which details the results of the Plan voting process;

d. served, on May 10, 2019, the *Notice of (I) Commencement of Chapter 11 Case, (II) Combined Hearing on (A) Disclosure Statement and (B) Confirmation of the Chapter 11 Plan of Reorganization, and (III) Procedures for Objecting to the Disclosure Statement and Chapter 11 Plan of Reorganization, Including the Proposed Procedures for the Assumption of Executory Contracts and Unexpired Leases – and – Notice of Non-Voting Status* upon all known Holders of Claims against and Equity Interests in the Debtor, the U.S. Trustee, and certain other parties in interest;

e. filed, on May 31, 2019, and June 6, 2019, the Plan Supplement [Docket Nos. 45 & 47]; and, on June 12, 2019:

i. the *Memorandum of Law in Support of Order (I) Approving (A) the Adequacy of the Disclosure Statement and (B) the Solicitation Procedures and (II) Confirming the Chapter 11 Plan of Reorganization of Triangle Petroleum Corporation* [Docket No. 67] (the "Confirmation Brief");

ii. the *Declaration of Ryan D. McGee, in Support of Order (I) Approving (A) the Adequacy of the Disclosure Statement and (B) the Solicitation Procedures and (II) Confirming the Chapter 11 Plan of Reorganization of Triangle Petroleum Corporation* [Docket No. 66] (the "McGee Declaration"); and

01:24513288.11

2

f.  operated its business during the Chapter 11 Case as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

This Court having:

a.  determined that: (i) this Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; (ii) approval of the Disclosure Statement and confirmation of the Plan are core proceedings under 28 U.S.C. § 157(b)(2); (iii) this Court has jurisdiction to (a) approve the adequacy of the information contained in the Disclosure Statement and to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and (b) enter a final order, consistent with Article III of the United States Constitution, with respect thereto; and (iv) venue in this District was proper as of the Petition Date and remains proper pursuant to 28 U.S.C. §§ 1408 and 1409;

b.  determined that the Debtor was and is an entity eligible for relief under section 109 of the Bankruptcy Code;

c.  reviewed the solicitation procedures regarding the vote to accept or reject the Plan (the "Solicitation Procedures") and entered, on May 9, 2019, an order approving the Scheduling Motion [Docket No. 27] (the "Scheduling Order");

d.  reviewed the Plan, Disclosure Statement, the Confirmation Brief, the McGee Declaration, the Voting Declaration, and all other filed pleadings, exhibits, statements, affidavits, declarations, and comments regarding confirmation of the Plan, including all objections, statements, and reservations of rights, if any, made with respect thereto;

e.  reviewed the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Article X of the Plan, as modified hereby;

f.  held the Combined Hearing on June 14, 2019 at 10:30 a.m., prevailing Eastern Time, pursuant to sections 1126, 1128, and 1129 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018;

g.  heard the statements, arguments, and objections, if any, made by counsel and other interested parties in respect of the adequacy of the Disclosure Statement and confirmation of the Plan;

h.  overruled any and all objections to the Disclosure Statement and confirmation of the Plan and all statements and reservations of rights that were not consensually resolved or withdrawn unless otherwise indicated;

i.  found that the Debtor and the JPM Parties have been and will be acting in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (b) take the actions

authorized and directed by this Order, in each case, to the extent such actions are consistent with the Plan or this Order, as applicable; and

j.  taken judicial notice of the papers and pleadings filed and all orders entered in the Chapter 11 Case, as well as all evidence proffered or adduced and all arguments made at the hearings held before this Court during the pendency of the Chapter 11 Case.

**NOW, THEREFORE**, it appearing that notice of the Combined Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement and confirmation of the Plan have been adequate and appropriate as to all Entities affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Combined Hearing establish just cause for the relief granted herein; and upon the record of the Combined Hearing; and after due deliberation and good cause appearing therefor, this Court hereby makes and issues the following findings of fact, conclusions of law and orders:

**IT IS DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:**

**I.  Notice**

1.  As evidenced by the Voting Declaration and the Affidavit of Service filed in connection with service of the Combined Hearing Notice [D.I. 44], notice of the Disclosure Statement, the Plan, and the Combined Hearing, together with the deadlines for (i) voting to accept or reject the Plan as established by the Scheduling Order, (ii) objecting to the Disclosure Statement and the Plan and (ii) opting out of the Releases, as applicable, was appropriate and satisfactory and is approved in all respects.

**II.  Combined Hearing on the Disclosure Statement and Plan Confirmation**

2.  It was appropriate to hold the Combined Hearing on the Debtor's request for approval of the Disclosure Statement and confirmation of the Plan under sections 105(d)(2)(B)(vi) and 1125(g) of the Bankruptcy Code, and Bankruptcy Rule 3018(b).

01:24513288.11

4

**III.     Approval of the Disclosure Statement**

3.      The Disclosure Statement, attached hereto as <u>Exhibit A</u>, is approved in all respects as containing "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Plan, and the transactions contemplated therein, and complies with section 1125 of the Bankruptcy Code and applicable nonbankruptcy law under section 1125(g) of the Bankruptcy Code.

4.      Any and all objections to the Disclosure Statement that have not been withdrawn or resolved prior to the Combined Hearing are hereby overruled.

**IV.     Solicitation**

5.      Prior to commencing the Chapter 11 Case, the Debtor, through Epiq Corporate Restructuring, LLC (the "<u>Voting Agent</u>"), caused the Plan, the Disclosure Statement (which included as exhibits thereto, the Plan, a corporate structure chart, Financial Projections, and Liquidation Analysis (as each term is defined in the Disclosure Statement)), and a Ballot (collectively the "<u>Solicitation Package</u>") to be transmitted to the Claim Holder in Class 2 (Secured Note Claim) (the "<u>Voting Holder</u>"), the only Claim that is Impaired under the Plan and thereby entitled to vote on the Plan, in compliance with sections 1125(g) and 1126(b) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations applicable to such solicitation.

6.      As set forth in the Voting Declaration, the Solicitation Package was transmitted to the Voting Holder on May 7, 2019, and the Voting Holder received its Ballot at such time. The form of the Ballot adequately addressed the particular needs of the Chapter 11 Case and was appropriate for the Voting Holder. The instructions on the Ballot advised the Voting Holder that,

for its Ballot to be counted, such Ballot must be properly executed, completed, and delivered to the Voting Agent so that it was actually received by the Voting Agent no later than 10:00 p.m. (prevailing Eastern Time) on May 7, 2019 (the "Voting Deadline"). The period during which the Debtor solicited the vote on the Plan was a reasonable period of time for the Voting Holder to make an informed decision to accept or reject the Plan due to, among other things, the Voting Holder's prepetition role in negotiating the Plan and the Disclosure Statement.

7. The Solicitation Procedures were appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, were conducted in good faith, and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable nonbankruptcy rules, laws, and regulations.

## V. Voting

8. On the Petition Date, the Voting Declaration was filed with this Court, certifying the method and results of the Ballot tabulated for the Voting Class. The Voting Holder returned its Ballot accepting the Plan and, accordingly, the Plan was accepted by the only Claim Holder entitled to vote thereon. As evidenced by the Voting Declaration, the vote to accept or reject the Plan was solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures and the Local Rules.

## VI. Confirmation of the Plan

9. The requirements for confirmation of the Plan set forth in sections 1129(a) and 1129(b), which include by reference sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, have been satisfied. The Plan, attached hereto as Exhibit B, is confirmed pursuant to section 1129 of the Bankruptcy Code.

10. Any and all objections to the Plan that have not been withdrawn or resolved prior to the Combined Hearing are hereby overruled.

11. The Plan Supplement as well as the Exhibit to the Plan are integral to the Plan and are hereby approved.

12. The Debtor and the Reorganized Debtor (as applicable) are authorized to take all actions required to effectuate the Plan and the Restructuring Transactions contemplated thereby.

13. Each term of the Plan, the Plan Supplement and each Exhibit thereto is incorporated herein by reference, and are an integral part of this Order. The terms of the Plan, the Plan Supplement, all Exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

14. **THE DISCHARGE, COMPROMISES, SETTLEMENTS, RELEASES, EXCULPATIONS, AND INJUNCTIONS SET FORTH IN ARTICLE X OF THE PLAN ARE APPROVED IN THEIR ENTIRETY AS IF SET FORTH HEREIN AT LENGTH, AND WILL BE EFFECTIVE IMMEDIATELY AND, EXCEPT AS OTHERWISE PROVIDED IN THE IMMEDIATELY FOLLOWING PROVISO OR IN THE PLAN, BINDING ON ALL PARTIES IN INTEREST ON THE EFFECTIVE DATE; PROVIDED, HOWEVER, THAT THE PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN SHALL NOT LIMIT OR OTHERWISE AFFECT IN ANY MANNER ANY CLAIMS AND CAUSES OF ACTION THAT NGP TRIANGLE HOLDINGS, LLC OR ITS SUCCESSOR, GORDIAN TRIANGLE HOLDINGS, LLC ("GORDIAN TRIANGLE"), MAY HAVE AS FORMER NOTEHOLDER, SHAREHOLDER, OR OTHERWISE**

**(INCLUDING DERIVATIVE CLAIMS AND CAUSES OF ACTION), RELATING TO THE SALE OF ROCKPILE ENERGY SERVICES, LLC OR ITS ASSETS TO ROCKPILE NEWCO, LLC, A WHOLLY-OWNED SUBSIDIARY OF WHITE DEER ENERGY L.P. II, (THE "<u>ROCKPILE TRANSACTION</u>"), AND ANY SUCH CLAIMS AND CAUSES OF ACTION (COLLECTIVELY, THE "<u>ROCKPILE CLAIMS</u>") ARE EXPRESSLY PRESERVED, TOGETHER WITH ANY AND ALL DEFENSES THERETO.**

15. **NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN OR THE PLAN DOCUMENTS, "RELEASING PARTIES", AS DEFINED IN SECTION 1.72 OF THE PLAN, SHALL NOT INCLUDE, AND IS HEREBY MODIFIED TO EXCLUDE, HOLDERS OF EQUITY INTERESTS AND SECTION 510(b) CLAIMS.**

16. Notwithstanding anything to the contrary in Article V.F. or J. or Article X of the Plan, to the extent that any Rockpile Claims became property of the Debtor's estate upon the filing of the Debtor's petition, then all rights of the Estate to bring such claims and causes of action (the "<u>Transferred Rockpile Claims</u>"), together with any and all defenses to the Transferred Rockpile Claims, are expressly preserved and not released and, upon the occurrence of the Effective Date, the Transferred Rockpile Claims shall (i) vest in the Reorganized Debtor, and (ii) be deemed immediately thereafter to be assigned and transferred to Gordian Triangle, free and clear of all Liens and Claims, together with the right under any applicable D&O Liability Insurance Policy to give notice with respect to such claims, and Gordian Triangle shall have the power and standing to investigate, commence, prosecute, settle or compromise the Transferred Rockpile Claims and shall succeed to all rights of the Reorganized Debtor with respect to the commencement and/or litigation of such claims and causes of action, including any defenses to

any counterclaims that may be asserted, including under section 558 of the Bankruptcy Code, by any defendant with respect to the Transferred Rockpile Claims; provided, that any recovery of Gordian Triangle in respect of such claims and causes of action asserted against current officers and directors of the Debtor under this Paragraph 16 shall be limited to amounts available under any applicable D&O Liability Insurance Policy and Gordian Triangle will not seek to assert personal liability against such officers and directors.  In connection with this assignment, Gordian Triangle expressly opts out of the releases in Article X of the Plan with respect to the Transferred Rockpile Claims.

17. Notwithstanding anything to the contrary in the Plan, Article X.A thereof shall be read to solely apply to the Secured Note Claim held by JPMS, and the settlement of controversies relating to the contractual, legal and subordination rights that JPMS may have with respect to its Allowed Secured Note Claim.

18. The Debtor shall cause to be served a notice of the entry of this Order and occurrence of the Effective Date, substantially in form attached hereto as Exhibit C (the "Confirmation Notice"), upon all parties listed in the creditor matrix maintained by the Voting Agent and all Equity Interest Holders no later than five (5) business days after the Effective Date.

**VII.    Approval of Distribution of the New Common Stock**

19. To the maximum extent provided by section 1145 of the Bankruptcy Code and applicable non-bankruptcy law, the offering, issuance, and distribution of the New Common Stock pursuant to the terms of the Plan complies with section 1145 of the Bankruptcy Code and shall be exempt from, among other things, the registration requirements of Section 5 of the Securities Act and any other applicable U.S., state, or local law requiring registration prior to the offering, issuance, distribution, or sale of securities.

01:24513288.11

## VIII. Disallowance of Claims

20. Except as otherwise specifically provided for in the Plan or this Order or as otherwise agreed, Holders of Claims need not file Proofs of Claim, and any and all Proofs of Claim that have been filed in this case shall be deemed expunged from the claims register on the Effective Date without any further notice to or action, order, or approval of this Court.

## IX. Professional Fee Claims

21. All final applications for Professional Fee Claims for services rendered or reimbursement of costs, expenses or other charges incurred by Professionals after the Petition Date and prior to and including the Effective Date shall be filed with this Court and served on the Reorganized Debtor, counsel to the Reorganized Debtor, and such other Entities who are designated by the Bankruptcy Rules or order of this Court no later than the Professional Claims Bar Date. Any Holder of a Professional Fee Claim that does not file and serve such application by the Professional Claims Bar Date shall be forever barred from asserting such Professional Fee Claim against the Debtor, the Reorganized Debtor, or their respective properties, and such Professional Fee Claim shall be deemed discharged as of the Effective Date. Objections to any final applications for Professional Fee Claims must be filed and served on the Reorganized Debtor, counsel to the Reorganized Debtor, and the applicable Professional no later than **twenty-one (21) days after the filing of such final fee application with respect to such Professional Fee Claim**. The Reorganized Debtor is authorized to pay compensation for professional services rendered and reimbursement of expenses incurred after the Effective Date in the ordinary course of business and without the need for this Court's approval. The reasonable and documented professional fees and expenses of Duane Morris, LLP, as counsel to the JPM Parties, incurred prior to the Petition Date and thereafter up to the Effective Date, shall be paid by the Debtor or

the Reorganized Debtor (or reimbursed to the JPM Parties) on or immediately following the Effective Date without the need for filing any fee application or approval by this Court.

## X. Treatment of Executory Contracts and Unexpired Leases

22. The assumption of Executory Contracts and Unexpired Leases as set forth in Article VI of the Plan is hereby approved.

23. The only adequate assurance of future performance of any Executory Contract or Unexpired Lease that is assumed in connection with the Plan shall be the promise of the Reorganized Debtor to perform all obligations under any Executory Contract or Unexpired Lease assumed under the Plan.

24. The Debtor having not received any objection with respect to the proposed assumption of the Executory Contracts and Unexpired Leases identified on Exhibit A to the Plan or the Cure Amounts designated in connection therewith, such Executory Contracts and Unexpired Leases shall be deemed assumed upon the occurrence of the Effective Date, and counterparties thereto are bound by the Cure Amounts identified on Exhibit A to the Plan.

25. To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, purports to restrict or prevent, or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including any "change of control" provision), such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

## XI. Discharge of Claims

26. To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided herein or by the Plan,

01:24513288.11

and effective as of the Effective Date: (i) the rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan will be in exchange for and in complete satisfaction, settlement, discharge, and release of all Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (ii) the Plan will bind all Holders of Claims and Equity Interests; (iii) all Claims and Equity Interests will be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto will be extinguished completely, including any liability of the kind specified under section 502(g), 502(h) or 502(i) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that Unimpaired Claims shall be satisfied in accordance with the Plan; and (iv) except as provided in Paragraphs 14 and 16 hereof, all Entities will be precluded from asserting against, derivatively on behalf of, or through, the Debtor, the Debtor's Estate, the Reorganized Debtor, each of their successors and assigns, and each of their assets and properties, any other Claims or Equity Interests based upon any document, instrument or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date. Notwithstanding anything to the contrary in the Plan, any related documents or exhibits of this Order, no non-Debtor affiliates or subsidiaries of the Debtor are receiving a discharge pursuant to section 1141 of the Bankruptcy Code.

## XII. No Action Required

27. Under the provisions of the Delaware General Corporation Law, including section 303 thereof, and section 1142(b) of the Bankruptcy Code, no action of the respective directors, officers or equity holders of the Debtor is required to authorize the Debtor or the Reorganized Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate or effectuate, as the case may be, the Plan, the Restructuring Transactions, and any contract, assignment, certificate, instrument, or other document to be executed, delivered adopted or amended in

01:24513288.11

connection with the implementation of the Plan.

**XIII.    Governmental Approvals Not Required**

28.    This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

**XIV.    Retention of Rights of Governmental Units**

29.    Notwithstanding any provision in the Plan, this Confirmation Order or other related Plan documents:

Nothing discharges or releases the Debtor, the Reorganized Debtor, or any non-debtor from any right, claim, liability or cause of action of the United States (including its agencies and departments, the "<u>United States</u>") or any State, or impairs the ability of the United States or any State to pursue any claim, liability, right, defense, or cause of action against any Debtor, Reorganized Debtor or non-debtor. Contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests of or with the United States or any State shall be, subject to any applicable legal or equitable rights or defenses of the Debtor or Reorganized Debtor under applicable non-bankruptcy law, paid, treated, determined and administered in the ordinary course of business as if the Debtor's bankruptcy case was never filed and the Debtor and Reorganized Debtor shall comply with all applicable non-bankruptcy law. All claims, liabilities, rights, causes of action, or defenses of or to the United States or any State shall survive the Chapter 11 Case as if it had not been commenced and be

determined in the ordinary course of business, including in the manner and by the administrative or judicial tribunals in which such rights, defenses, claims, liabilities, or causes of action would have been resolved or adjudicated if the Chapter 11 Case had not been commenced; *provided, however*, that nothing in the Plan or this Confirmation Order shall alter any legal or equitable rights or defenses of the Debtor or the Reorganized Debtor under non-bankruptcy law with respect to any such claim, liability, or cause of action.  Without limiting the foregoing, for the avoidance of doubt: (i) the United States and any State shall not be required to file any Proofs of Claim or administrative expense claims in the Chapter 11 Case for any right, claim, liability, defense, or cause of action; (ii) nothing shall affect or impair the exercise of the United States' or any State's police and regulatory powers against the Debtor, the Reorganized Debtor or any non-debtor; (iii) nothing shall be interpreted to set cure amounts or to require the United States or any State to novate or otherwise consent to the transfer of any federal or state contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests; (iv) nothing shall affect or impair the United States' or any State's rights and defenses of setoff and recoupment, or ability to assert setoff or recoupment against the Debtor or the Reorganized Debtor and such rights and defenses are expressly preserved; (v) nothing shall constitute an approval or consent by the United States or any State without compliance with all applicable legal requirements and approvals under non-bankruptcy law; and (vi) nothing shall relieve any party from compliance with all licenses and permits in accordance with non-bankruptcy law.

## XV. Nonseverability of Plan Provisions Upon Confirmation

30. The failure to specifically include or refer to any particular article, section, or provision of the Plan, any Exhibit, or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

## XVI. Non-Impairment

31. Notwithstanding anything to the contrary in the Plan, this Order or any document executed, or transaction entered into, in connection with the Plan or the Restructuring Transactions, until Class 1 Claims, Class 3 Claims and Class 4 Claims, as applicable, have been paid in full in accordance with the terms of such respective Claims or otherwise satisfied in accordance with the Plan, (a) the provisions of Articles V.G, V.H, X.C, X.E, X.F or X.G of the Plan shall not apply or take effect to such Claims, (b) such Claims shall not be deemed settled, satisfied, resolved, released, discharged or enjoined by any provision of the Plan and (c) the Reorganized Debtor shall remain liable for such applicable Claims.

## XVII. Immediate Binding Effect; Waiver of Stay

32. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062, or otherwise, upon the occurrence of the Effective Date, this Order is intended to be a Final Order and the period within which an appeal must be filed commences upon entry hereof, and the terms of this Order and the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all Holders of Claims or Equity Interests (irrespective of whether Holders of such Claims or Equity Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the Plan, each Entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

01:24513288.11

## XVIII. Retention of Jurisdiction

33. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

## XIX. Applicable Non-Bankruptcy Law

34. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, and any related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

## XX. Substantial Consummation

35. Substantial consummation of the Plan under section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

## XXI. Exemption from Certain Transfer Taxes and Fees

36. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate or personal property transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Order, the appropriate governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

## XXII. Reversal

37. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or

01:24513288.11

vacatur shall not affect the validity or enforceability of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

### XXIII. Waiver of Section 341(a) Meeting

38.    As of the date of this Order, the requirements that (i) the U.S. Trustee convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, (ii) the Debtor file its Schedules and Statements, and (c) the Debtor file its Rule 2015.3 Reports are hereby waived.

### XXIV. This Order Controlling

39.    If there is any express conflict between the Plan and this Order, the terms of this Order shall control.

01:24513288.11    **Dated: June 14th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**